**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TONY DEBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00360** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CHAD YOUKER'S MOTION TO DISMISS**

Comes Chad Youker, individually and in his official capacity as an employee of Williamson County, Tennessee, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully moves this Court to dismiss the Complaint.

## THE ALLEGATIONS[1]

The Complaint alleges that Williamson County Sheriff's Office ("WCSO") deputies removed the religious books that had been provided to inmates from Plaintiff's housing unit. (DE 1, Compl. Page ID# 2.) Plaintiff claims inmate access to a Bible was limited to electronic versions available on the kiosks and tablets[2] and that sometimes jail staff, including Deputy Runk, Deputy Moore, and Deputy Carroll, removed or restricted Plaintiff's access to his tablet. [3] (DE 1, Compl.

[1] Many of the allegations in the Complaint are in dispute and will be addressed by Defendant at an appropriate time should the Court deny the Motion to Dismiss. However, Defendant recognizes that for purposes of this Rule 12 Motion, the allegations must be taken as true.
[2] When the term "tablet" is used herein, it refers to portable touchscreen electronic devices provided to inmates in the Williamson County jail.
[3] All three of these deputies named in the Complaint were dismissed from the suit at the PLRA screening stage. (DE 10, Memorandum Opinion and Order Page ID# 33.)

Page ID# 3.) Plaintiff alleges that in August 2025, jail staff began removing tablets from inmates overnight, between 8:30 p.m. and 7:00 a.m. (DE 1, Compl. Page ID# 3-4.) Plaintiff alleges that on October 8, 2025, he was allowed access to religious books. (DE 1, Compl, Page ID# 3.)

Plaintiff claims that restricting his access to the County-provided electronic Bible during the overnight hours violates his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and Tennessee Code Annotated § 41-21-211.[4] Plaintiff's claims should be dismissed for the reasons set forth herein.

## STANDARD OF REVIEW

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the plaintiff's factual allegations fail as a matter of law to state a claim upon which relief can be granted. Fed. R. Civ. P. Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The "district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). Nonetheless, some degree of specificity is required. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678-679. Similarly, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 555). Dismissal of all claims with prejudice pursuant to Rule 12(b)(6) is appropriate.

---

[4] Plaintiff's access to courts claim under Section 1983 was dismissed at the PLRA screening stage. (DE 10, Memorandum Opinion and Order Page ID# 36.)

## ARGUMENT

**I. Plaintiff's First Amendment free exercise claims against Youker in his individual capacity should be dismissed because the allegations do not support a finding that Youker violated Plaintiff's clearly established constitutional rights. [5]**

The First Amendment claims against Youker in his individual capacity are barred by qualified immunity because the facts alleged in the Amended Complaint do not make out a violation of clearly established constitutional rights. Qualified immunity is a defense not just against liability, but against suit itself. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The "driving force" behind the qualified immunity doctrine is the desire to ensure that "'insubstantial claims' against government officials will be resolved prior to discovery." *Id*. The Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id*.

The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson*, 555 U.S. at 231. Under the doctrine of qualified immunity, a government official "will not be liable for mere mistakes in judgment, whether the mistake is one of fact or one of law." *Lamar v. Boles*, 714 F. Supp. 3d 987, 1002 (M.D. Tenn. 2024) (citing Hicks v. Scott, 958 F.3d 421, 433 (6th Cir. 2020)). Qualified immunity balances the individual citizen's interest in the "vindication of constitutional guarantees" against "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*. at 1003 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 151 (2017) and *Pearson*, 555 U.S. at 231).

---

[5] The RLUIPA claim against Youker in his individual capacity was dismissed at the PLRA screening stage. (DE 10, Memorandum Opinion and Order, Page ID# 33.)

Although the defendant bears the burden of pleading qualified immunity, the plaintiff bears the burden of proving that the defendant is not entitled to qualified immunity. *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011). Consideration of qualified immunity at the motion to dismiss stage requires the court to determine: (1) whether the facts alleged make out a violation of a constitutional right, and (2) whether that right was clearly established when the event occurred in light of the specific context of the case. *Id*. at 153; *Lamar*, 714 F. Supp. 3d at 1004. Supreme Court precedent emphasizes the high level of specificity required to show that a right was "clearly established." *See D.C. v. Wesby*, 138 S. Ct. 577, 589-90 (2018); *White v. Pauly*, 137 S. Ct. 548, 552 (2017); *Mullenix v. Luna*, 136 S. Ct. 305 (2015). "[E]xcept in an 'obvious' case where the standard provides the answer, the plaintiff must point to pre-existing Supreme Court or Sixth Circuit precedent that would have put a reasonable officer on notice that his specific conduct was unlawful." *Mitchell v. Hamilton Cnty.*, 2024 U.S. App. LEXIS 6923, at *14 (6th Cir. March 21, 2024). Courts may decide which of the two prongs to address first. *Pearson*, 555 U.S. at 236. Both prongs must be answered in the affirmative for the claim to proceed. *Lamar*, 714 F. Supp. 3d at 1004.

Here, Plaintiff cannot cite controlling law constitutionally requiring that inmates be provided access to a physical copy of a Bible, or any other religious book, instead of an electronic copy or that inmates be provided Bible access twenty-four hours a day. Plaintiff's claims against Youker are barred by qualified immunity.

**A. Plaintiff's First Amendment rights were not violated.**

Inmates' First Amendment right to exercise their religious beliefs may be subjected to reasonable restrictions and limitations. *Joseph v. Campbell*, 10 Fed. Appx. 264 (6th Cir. 2001). To establish a § 1983 claim under the First Amendment's Free Exercise clause, a plaintiff must first show that the belief or practice asserted is religious in the plaintiff's own scheme of things

and is sincerely held. *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019). If that showing is made, the Court then considers whether a regulation that impinges on inmates' constitutional rights… is reasonably related to legitimate penological interests. *Id.*; *Turner v. Safley*, 482 U.S. 78, 89 (1987). If so, the Court balances "(1) whether the prisoner possesses alternative avenues for exercising his religion; (2) whether accommodating the prisoner would 'affect guards and other inmates' or 'the allocation of prison resources generally'; and (3) whether 'obvious, easy alternatives' exist that suggest 'the regulation is not reasonable.'" *Id.* Prisoners have a constitutional right to exercise their religion, but "the circumstances of prison life may require some restrictions on prisoners' exercise of their religious beliefs." *Hayes v. Tennessee*, 424 F.App'x 546, 549 (6th Cir. 2011) (quoting *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). The Supreme Court has held that in most circumstances, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 Fed. Appx. 479 (6th Cir. 2015). "A burden is substantial where it (1) forces an individual to choose between following the tenets of his religion and foregoing governmental benefits or (2) places 'substantial pressure on an adherent to modify his behavior and to violate his beliefs[.]'" *Mims v. Gillam*, Case No. 2:23-cv-133, 2023 U.S. Dist. LEXIS 183708, at * 6 (E.D. Tenn. 2023) (quoting *Living Water Church of God v. Carter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007)). "The Supreme Court has made clear that the 'substantial burden' hurdle is high." *Id.*

"[P]risons do not have to respond to every religious request of an inmate; it must only allow prisoners a reasonable opportunity to exercise their faith." *Fulkerson v. Williamson County*, 2024

U.S. Dist. LEXIS 115485 (M.D. Tenn. July 1, 2024) (quoting *Cregg Mitchell-Feazell v. Campbell Cnty. Jail*, 2022 U.S. Dist. LEXIS 81724 (E.D. Tenn. May 5, 2022)). Prisoners have "no constitutional right to require prison officials to purchase or provide [prisoners] religion materials." *Cregg Mitchell-Feazell v. Campbell Cnty. Jail*, 2022 U.S. Dist. LEXIS 81724, at *2 (E.D. Tenn. May 5, 2022).

Here, Plaintiff has not alleged a substantial burden on the exercise of his religion. The First Amendment does not require that the jail provide him a Bible or any other religious text or that he be permitted access to such twenty-four hours a day, seven days a week. Plaintiff alleges that jail staff seized all Bibles and religious books on January 18, 2025 and instead uploaded digital copies of the Bible onto electronic kiosks and tablets. (DE 1.) Plaintiff failed to allege how electronic access, as opposed to possession of a physical religious texts, amounts to a substantial burden on his religious beliefs. While Plaintiff makes a conclusory statement that access to electronic Bibles was restricted, he fails to allege when those alleged restrictions occurred, how long they lasted, or the circumstances under which access was limited. Nonetheless, restrictions on inmates' free exercise of their religion have been found to be permissible. *Hayes*, 424 F.App'x at 549. Plaintiff has not alleged facts that, even if true, would amount to restrictions that violate the First Amendment.

Even assuming Plaintiff's bare allegations to be true, they do not establish a substantial burden on the exercise of Plaintiff's religious beliefs and cannot sustain a claim for a violation of the First Amendment.

**B. Even if Plaintiff's had a constitutional right to possess physical copies of all religious texts over electronic versions and to have access to these texts and every religious gathering twenty-four hours a day, seven days a week, such is not clearly established by existing precedent.**

Plaintiff cannot identify any Supreme Court or Sixth Circuit precedent requiring that jail

officials provide access to paper Bibles or any other religious books as opposed to electronic ones. Similarly, Plaintiff cannot cite any precedent requiring that constitutional principles require that jail officials provide religious books to inmates twenty-four hours a day, seven days a week. In *Brown v. Page*, which is a district court case and not "clearly established law," an inmate alleged that jail policy restricted inmates' access to Bibles to one hour per day, during which time inmates were also allowed to use the phone and shower. No. 2:20-cv-00070, 2021 U.S. Dist. LEXIS 15764, at *5 (M.D. Tenn. Jan. 27, 2021). The restriction in that case was severe and even there, the Court expressed reservations about the claim, concluding that the plaintiff stated "arguably nonfrivolous claims" and noting that "it is unclear whether the plaintiff can ultimately prevail." *Id.* at *7.

Another district court in this Circuit dismissed the First Amendment claim of an inmate alleging that his rights were violated when he was denied religious texts relevant to his Odinist faith. *Baucom v. Blount Cty. Det. Facility*, 2021 U.S. Dist. LEXIS 110372 (E.D. Tenn. June 14, 2021). The court held,

> Plaintiff does not allege that he has been denied the ability to engage in any aspect of his religious faith other than the facility's failure to produce a copy of certain religious texts, and he does not allege that the material has been banned or disallowed. Further, Plaintiff does not allege that has been denied permission to have a religious volunteer, family member, or his attorney bring him a copy of those texts. Plaintiff's allegations are, therefore, insufficient to establish that he has been denied his First Amendment rights.

*Id.* at 11-12.

District courts in other circuits have found no violation of inmates' religious rights when restrictions are placed on access to religious materials. *Lisasuain v. Hillsborough Cty. Dep't of Corr.,* No. 12-cv-490-PB, 2013 U.S. Dist. LEXIS 70425, at *14 (D.N.H. May 6, 2013) (providing access to Bible and rosary beads for an hour every day was not an unreasonable burden and therefore inmate failed to state a claim under the First Amendment or RLUIPA); *Nance v. Seabolt*,

No. 1:22CV20, 2023 U.S. Dist. LEXIS 34938, at *13-14 (M.D.N.C. Mar. 1, 2023) (First Amendment claim failed where not having access to a specific study Bible did not constitute a substantial burden on the plaintiff's religious practice); *Tyler v. Ray*, No. 9:17-01471-MGL, 2018 U.S. Dist. LEXIS 155969, at *11 (D.S.C. Sep. 12, 2018) (restrictions preventing the plaintiff from bringing his Bible and literature to recreation did not constitute a substantial burden upon his exercise of religion under the First Amendment or RLUIPA); *Scott v. Mecklenburg Corr. Ctr.*, No. 7:06cv000367, 2006 U.S. Dist. LEXIS 49905, at *4 (W.D. Va. July 21, 2006) (no First Amendment violation where inmate's access to his Bible was limited during recreation).

If anything is clearly established, it is that inmates do **not** have a right to any particular version of religious materials or to unfettered access to such materials at any time while incarcerated. If replacing a physical copy of the Bible and other religious books with an electronic version is a constitutional violation, such certainly was not (and is not) clearly established. Plaintiff has not alleged facts that would amount to an impermissible restriction on access to religious materials and certainly has not identified clearly established law to support his claims.

Accordingly, the claims against Youker individually are barred by qualified immunity. For these reasons, all claims against Youker in his individual capacity should be dismissed.

## II. Plaintiff's RLUIPA and First Amendment Free Exercise claims against Youker in his official capacity should be dismissed.

The claims against Youker in his official capacity are functionally claims against Williamson County. Plaintiff's RLUIPA and First Amendment claims against Williamson County also fail.

### A. Plaintiff's First Amendment Free Exercise claim against Williamson County should be dismissed.

For the reasons set forth above, Williamson County did not violate Plaintiff's First Amendment rights and therefore his claim should be dismissed. Alternatively, if the Court finds

that restricting access to a paper Bible and other religious texts and substituting electronic ones is a constitutional violation, the claims against Williamson County should still be dismissed because any such right is not clearly established by existing precedent.

Williamson County acknowledges that qualified immunity is not a bar to official capacity claims. However, where, as here, the claim is premised on the actions of an employee, the violated right must be clearly established. *Arrington-Bey v. City of Bedford Heights*, 858 F. 3d 988, 995 (6th Cir. 2017). Plaintiff alleges that the violation of his rights arose from employees' unconstitutional act. Where the alleged injury arises from an employee's unconstitutional act, the municipality's failure to prevent the harm must be shown to be deliberate under "rigorous requirements of culpability and causation." *Id.* "The violated right in a deliberate indifference case thus must be clearly established because a municipality cannot *deliberately* shirk a constitutional duty unless that duty is clear." *Id.*

Accordingly, even if the Amended Complaint can be read to satisfy *Monell's* requirements for pleading municipal liability, and even if the Court finds a violation of Plaintiff's rights under federal law (which Defendant argues did not occur), the claims against Williamson County should be dismissed because any such right was not clearly established, as explained above.

**B. Plaintiff's RLUIPA claim against Williamson County should be dismissed.**

RLUIPA prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means." 42 U.S.C. § 2000cc-1(a). As discussed above, the substantial burden standard is high and Plaintiff's allegations fall short of

meeting it here.[6] "RLUIPA was not intended to create a cause of action in response to every decision which serves to inhibit or constrain religious exercise, as such would render meaningless the word 'substantial.'" *Brown v. Washington*, Case No. 1:25-cv-161, 2025 U.S. Dist. LEXIS 71202, at 10 (W.D. Mich. 2025). A mere inconvenience is not a substantial burden. *Id*. In *Brown v. Washington*, the court dismissed the plaintiff's RLUIPA claim for failure to state a claim where the jail did not automatically list "non-denominational" as a religious preference, but the plaintiff was able to request recognition of that practice. *Id* at 12. The court explained that requiring an inmate to submit such a request, while perhaps inconvenient, does not constitute a substantial burden. *Id*.

Here, again, providing electronic versions of religious texts instead of a physical copies does not substantially burden Plaintiff's religious exercise. Plaintiff could read the Bible on the kiosk or tablet. As noted above, he has not alleged facts that would support the conclusion that any restrictions on his access to the kiosks and tablets amounted to a substantial burden on his religious exercise. *See Lisasuain v. Hillsborough Cty. Dep't of Corr.,* No. 12-cv-490-PB, 2013 U.S. Dist. LEXIS 70425, at *14 (D.N.H. May 6, 2013) (providing access to Bible and rosary beads for an hour every day was not an unreasonable burden and therefore inmate failed to state a claim under the First Amendment or RLUIPA); *Tyler v. Ray*, No. 9:17-01471-MGL, 2018 U.S. Dist. LEXIS 155969, at *11 (D.S.C. Sep. 12, 2018) (restrictions preventing the plaintiff from bringing his Bible and literature to recreation did not constitute a substantial burden upon his exercise of religion under the First Amendment or RLUIPA). He has not alleged (nor could he) that he is prohibited from purchasing or having someone send him a paper Bible. He has not alleged facts

[6] Substantial burden is not defined in RLUIPA, but the Sixth Circuit has held it has the same meaning as under the Free Exercise Clause. *Brown*, 2025 U.S. Dist. 71202, at *10 (citation omitted).

indicating that he was forced to choose between following his religion and forfeiting benefits or that he was under substantial pressure to modify his behavior to violate his beliefs. Accordingly, Plaintiff's rights under RLUIPA were not violated.

Plaintiff's RLUIPA claim should be dismissed in its entirety. However, if the Court finds that dismissal of the claim in its entirety is not appropriate, Plaintiff's claim for money damages under RLUIPA should be dismissed because RLUIPA does not permit claims for monetary damages. *Pleasant-Bey v. Shelby Cty.*, 2019 U.S. App. LEXIS 33459 (6th Cir. Nov. 7, 2019); *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014); *Hague v. Kent Cnty.*, 2024 U.S. Dist. LEXIS 161331 (W.D. Mich. Sept. 9, 2024).

**III. Plaintiff's state law claim should be dismissed.**

Plaintiff erroneously relies on Tenn. Code Ann. § 41-21-211, an unamended statute from 1829, to support his state law claim. That statute provides, "Each inmate shall be provided with a Bible, which the inmate may be permitted to peruse in the inmate's cell at such times as the inmate is not required to perform prison labor." Tenn. Code Ann. § 41-21-211. The antiquated statute does not require that Bible access be provided at all times and therefore was not violated. Also, Tenn. Code Ann § 41-21-211 has itself been found to be unconstitutional because it violates the Establishment Clause. *Ha-Min v. Montgomery Cty. Sheriff's*, 440 F. Supp. 2d 715, 717 (M.D. Tenn. 2006).

More importantly, Tenn. Code Ann. § 41-21-211 does not create a private right of action. For legislation enacted by the Tennessee General Assembly to create or confer a private right of action, "the legislation must contain express language creating or conferring the right." Tenn. Code Ann. § 1-3-119. Tenn. Code Ann. § 41-21-211, contains no language creating a private right of action. Accordingly, Plaintiff's claims based on the Tennessee statute should be dismissed.

Plaintiff's claim under the Uniform Administrative Procedures Act ("UAPA"), Tenn. Code Ann. § 4-5-225 also fails. The Williamson County Sheriff's Office is not a state agency, but rather a department of Williamson County. The UAPA does not apply to county boards, commissions, committees, departments or officers. Tenn. Code Ann. § 4-5-106. Further, even for state agencies, the UAPA would not apply to this subject matter. "The Department of Correction's policies affecting the custody and control of inmates need not be promulgated as rules under the [UAPA]." *Ogburn v. Tennessee Dep't of Correction*, 983 S.W.2d 677, 679 (Tenn. 1998); *Hughes v. Tenn. Dep't of Corrections*, 2007 Tenn. App. LEXIS 355, at *7 (Tenn. Ct. App. May 30, 2007). Finally, Plaintiff has not followed the required procedures for seeking declaratory judgment under the UAPA. Tenn. Code Ann. § 4-5-225 (complainant must petition agency for a declaratory order before filing suit in Davidson County Chancery Court).

Plaintiff's state law claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Chad Youker respectfully requests that the claims against him in both his individual and official capacities be dismissed.

Respectfully submitted,

/s/Lee Ann Thompson
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on the 8th day of July 2026 to:

Tony DeBerry, # 44484
Williamson County Jail
408 Century Court
Franklin, TN 37064

/s/Lee Ann Thompson