IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TONY DEBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00360** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT CHAD YOUKER'S RESPONSE IN OPPOSITION TO NON-PARTY, ROBERT GORDON'S, MOTION TO INTERVENE & JOIN

Defendant Chad Youker, individually and his official capacity as an employee of Williamson County, Tennessee, by and through his undersigned counsel, respectfully submits this response in opposition to non-party, Robert Gordon's, "Motion to Intervene & Join" (DE 11.)

Plaintiff sued Defendant, Chad Youker, claiming that his access to a Bible is restricted while incarcerated in Williamson County Jail. (DE 1.) Specifically, Plaintiff alleges that restricting his access to a Bible violated his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and Tennessee Code Annotated § 41-21-211. (DE 1.) Robert Gordon, another inmate at Williamson County jail who is not a party to this case, filed a Motion to Intervene & Join in Plaintiff's case. (DE 11.)

Gordon seeks to join his lawsuit, *Gordon v. Youker* ("*Gordon v. Youker*") (M.D. Case No. 3:26-cv-00046) with Plaintiff's. In *Gordon v. Youker*, Gordon claims his rights were violated under the First Amendment, RLUIPA, and Tennessee Code Annotated § 41-21-211 when jail staff

allegedly seized all Bibles and religious books, and instead provided electronic versions on the tablets[1] and kiosks.

Gordon's "Motion to Intervene & Join" (DE 11) should be denied.

## ARGUMENT[2]

### I. Gordon's Motion to Intervene fails to meet the requirements of Fed. R. Civ. P. 24 and should be denied.

The requirements for intervention as of right have not been met. Under Fed. R. Civ. P. 24(a), a court *must* allow a party to intervene if they are "given an unconditional right to intervene by a federal statute," or if the party claims "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." A party pursuing intervention under Rule 24(a)(2) must show (1) the motion was timely; (2) the movant has a substantial legal interest in the subject matter of the case; (3) the movant's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the intervenor's interest. *McGee v. Genevis*, No. 1:19-cv-0024, 2019 U.S. Dist. LEXIS 152264, at *4 (M.D. Tenn. 2019) (citing *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2009)).

Here, the threshold requirements of Fed. R. Civ. P. 24(a) have not been met. There is no unconditional right to intervene by federal statute, nor does Gordon claim an interest relating to property or a transaction that is the subject of the original action such that disposing of the original action would impair or impede his ability to protect his interests. Gordon claims that the cases are "common & typical," and request the same relief. (DE 11.) While Gordon may assert similar

---

[1] When the term "tablet" is used herein, it refers to portable touchscreen electronic devices provided to inmates in the Williamson County jail.

[2] Gordon's motion conflates intervention and joinder. Defendant addresses each separately.

claims to Plaintiff in *Gordon v. Youker*, the proposed intervenor bears the burden of proving that they meet each of the requirements and he has not done so. Accordingly, Gordon's claim for intervention of right fails.

The claim for permissive intervention also fails. Under Fed. R. Civ. P. 24(b), a court *may* allow a party to intervene if the party is "given an unconditional right to intervene by a federal statute," or the party has "a claim or defense that shares with the main action a common question of law or fact." A district court has discretion in making this determination, but "must consider whether the intervention will unduly delay or prejudice the adjudication of the original party's rights." *McGee*, 2019 U.S. Dist. LEXIS 152264, at *5 (citing *Frank Betz Assoc., Inc. v. J.O. Clark Consitrtiuon, LLC*, No. 3:08-cv-00159, 2010 U.S. Dist. LEXIS 55193, at *1 (M.D. Tenn. 2010)).

There is no unconditional right to intervene granted by federal statute and "[p]ervasive impracticalities associated with multiple-plaintiff prisoner litigation…militate against [permissive intervention]." *Jones v. Esquivel*, No. 1:23-cv-001122, 2023 U.S. Dist. LEXIS 220436, at *10 (E.D. Tenn. 2023) (quoting *Boussum v. Washington,* 649 F.Supp. 3d 525,528 (E.D. Mich. 2023)). Jail populations are "notably transitory, making joint litigation difficult." *Boussum*, 649 F. Supp. 3d at 528. Individual plaintiffs must each meet the PLRA exhaustion requirements, thereby requiring individualized resolutions of questions of law and fact. *Id*. Matters are further complicated because all parties must sign each document, which is particularly difficult with inmates. *Id*. Because it would make the litigation more difficult to manage, permissive intervention is inappropriate.

**II. Gordon's Motion to Join should be denied.**

Rule 20 of the Federal Rules of Civil Procedure allows the permissive joinder of plaintiffs in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

It is not practical to join *Gordon v. Youker* with this litigation. The practical challenges discussed with intervention are similarly present when considering joinder of inmate plaintiffs. "While joinder of parties is 'strongly encouraged' for purposes of judicial economy and fairness where it is appropriate, courts have recognized that prisoners are 'not in the same situation as non-prisoner joint plaintiffs; prisoner's circumstances,' such as the requirement for exhaustion of administrative remedies, the need for each plaintiff to sign each paper filed with the Court, and other things, 'make joint litigation exceptionally difficult.'" *Wright v. Lopez*, No. 1:23-CV-272-TAV-CHS, 2024 U.S. Dist. LEXIS 1983, at *2 (E.D. Tenn. 2024) (citations omitted). Prison populations are inherently transitory, making it difficult to obtain signatures on every document and increasing the risk that documents may be altered after they have been signed. *Walters v. Brooks*, No.: 3:20-CV-129-TAV-HBG, 2020 U.S. Dist. LEXIS 63905, at *2 (E.D. Tenn. 2020).

Even if Rule 20(a) permitted joinder, it would be impractical and inefficient. See *Locke v. McMinn County Jail*, No.: 1:22-CV-2-TRM-CHS, 2022 U.S. Dist. LEXIS 12284, at *3 (E.D. Tenn. 2022). The difficulties associated with joining inmate lawsuits are already evident here. Gordon has not exhausted his administrative remedies in regard to the alleged Bible restrictions as required by the PLRA and should not be permitted to circumvent the PLRA exhaustion requirement by joining another inmate's lawsuit. Further, as detailed in Defendant's Motion for Sanctions filed in *Gordon v.* Youker, M.D. Tenn. No. 3:26-00046, DE 36-38, Gordon is a vexatious litigant who has filed documents and claims on behalf of other inmates, without their knowledge and consent in pursuit of his own aims. Accordingly, Gordon should not be permitted to join Plaintiff's lawsuit.

## CONCLUSION

For the forgoing reasons, Defendant Chad Youker respectfully requests Non-Party, Robert Gordon's, "Motion to Intervene & Join" (DE 11) be denied.

Respectfully submitted,

/s/Lee Ann Thompson
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Priority Mail on the 8th day of July 2026 to:

Tony DeBerry, # 44484
Williamson County Jail
408 Century Court
Franklin, TN 37064

/s/Lee Ann Thompson