IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TONY DEBERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:26-cv-00360** |
| **v.** | ) | **District Judge Trauger** |
| | ) | **Magistrate Judge Evans** |
| **CHAD YOUKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO DISMISS**

---

Comes Defendant Chad Youker, in his official and individual capacities, and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and L.R. 6.01(a), submits this Memorandum of Law in support of his Motion to Stay Proceedings Pending Resolution of the pending Motion to Dismiss.

This action was filed on March 26, 2026. (DE 1.) After initial review pursuant to the Prison Litigation Reform Act, this Court determined on June 1, 2026 that constitutional and state law claims could proceed against Youker in his individual capacity, and that such claims, as well as claims brought under RLUIPA, could proceed against Youker in his official capacity. (DE 10.) All other claims were dismissed. (DE 10.) Youker was served with process on June 17, 2026, and filed a Motion to Dismiss on July 8, 2026.

Youker's Motion to Dismiss asserts that all claims against him in his individual capacity are barred by the defense of qualified immunity. Qualified immunity protects Youker from participating in discovery while his claim of entitlement to immunity is pending. *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) ("If the defendant files a motion to dismiss based on qualified immunity, the court must stay discovery until that issue is decided.") (citation and

quotation marks omitted). The purpose of the qualified immunity defense is to protect potentially immune defendants not only from damages claims but "from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 991, 996 (6th Cir. 2004). *See also Kerchen v. Univ. Of Mich,* 100 F.4th 751, 761 (6th Cir. 2024); *Toms v. Taft,* 338 F.3d 519, 523 (6th Cir. 2003), *Criss v. City of Kent,* 867 F.2d 259, 261 (6th Cir. 1988).

The claims against Youker in his official capacity are, of course, treated as claims against the governmental entity that employs him, but those claims are likewise the subject of a motion to dismiss that is inextricably tied to Youker's entitlement to qualified immunity. The determination of Youker's individual capacity entitlement to qualified immunity will be dispositive of the case in its entirety, because "[a] municipal policymaker cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established." *Arrington-Bey v. City of Bedford Heights*, No. 16-3317, 2017 U.S. App. LEXIS 9207 (6th Cir. Feb. 24, 2017) (quoting *Hagans v. Franklin Cty. Sheriff's Office*, 695 F.3d 505, 511 (6th Cir. 2012). While the official capacity claims include an RLUIPA claim to which Youker in his individual capacity is not subject, the facts underlying that claim would be essentially identical to those brought against Youker under the Constitution. Accordingly, proceeding with discovery on the official capacity claims would unavoidably force Youker to participate in discovery related to those claims upon which he is entitled to qualified immunity in his individual capacity. As a result, any discovery would impinge upon the protections afforded to Defendant Youker while his immunity claims are pending. For that reason, the entirety of the case should be stayed pending the outcome of the Motion to Dismiss.

For these reasons, Youker respectfully submits that his motion to stay proceedings in this matter pending the resolution of his motion to dismiss should be granted.

Respectfully submitted,

/s/Lee Ann Thompson
Lee Ann Thompson, BPR# 28040
**BUERGER, MOSELEY & CARSON, PLC**
*Attorney for Defendant Chad Youker*
4068 Rural Plains Circle, Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Email: lthompson@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically filed and mailed via USPS Mail on the 9th day of July 2026 to:

Tony DeBerry, # 44484
Williamson County Jail
408 Century Court
Franklin, TN 37064

/s/Lee Ann Thompson
Lee Ann Thompson