**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | | |
|---|---|---|
| **TONY DEBERRY** | | |
| | ) | |
| | ) | **NO: 3:26-cv-00360 and** |
| **v.** | ) | **NO. 3:26-cv-00396** |
| | ) | **(Consolidated Cases)** |
| **CHAD YOUKER** | ) | **Trauger/Hill** |

**O R D E R**

On July 8, 2026, Defendant filed a motion to dismiss (Docket Entry No. 15) and, the next day, filed a motion to stay the case pending resolution of the motion to dismiss (Docket Entry No. 18). Plaintiff has not responded to either motion, and the time provide by Local Rule 7.01(a)(3) to file a response has now expired.

Defendant's motion to stay (Docket Entry No. 18) is **GRANTED**. A stay is warranted because the pending motion to dismiss raises the defense of qualified immunity. When such a defense is raised, discovery in the case should be stayed, in whole or in part, until the issue is resolved. *See Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020); *Bradford v. Reed*, No. 3:24-CV-01136, 2025 WL 627223, at *2 (M.D. Tenn. Feb. 26, 2025). The Court finds that an overall stay of discovery and of the proceedings in this case is warranted and appropriate until resolution of the pending motion to dismiss. **Accordingly, unless otherwise ordered or directed by the Court, all proceedings in this case are hereby STAYED until further order of the Court.**

The motion (Docket Entry No. 11) of non-party Robert Gordon to intervene and join is **DENIED.** By his motion, Gordan appears to both request to intervene in this case and to have the instant cases joined with a case that he has filed, *Robert C. Gordon v. Chad Youker*, 3:26-cv-00046. To the extent that Gordon seeks to intervene, his request is unpersuasive given that he has filed and

is litigating his own lawsuit for claims based on the Bible ban at the Williamson County Jail. *See First Interstate Bank of Nev., N.A. v. Chapman & Cutler, No. 83 C 8583*, 1986 WL 10050, at *2 (N.D. Ill. Sept. 8, 1986) ("a new lawsuit has been filed by the proposed intervenors so intervention is not needed and would waste judicial resources."). To the extent that he seeks to consolidate his own lawsuit with the instant cases, the Court again finds no basis that supports the request.

Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the motion for review must be filed within fourteen (14) days of service of the motion for review. See Rule 72.01(b) of the Local Rules of Court.

So **ORDERED**.

LYNDA M. HILL
United States Magistrate Judge